(No. 4307-)

MELVIN EVERETT STREET, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 6, 1951.*

DENNIS J. GODFREY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Melvin Everett Street, seeks to recover from respondent under the Workmen's Compensation Act for injuries to the second and third toes of his right foot, as the result of an accident that arose out of and in the course of his employment as a construction laborer in the Department of Public Works and Buildings, Division of Highways.

On June 1, 1949 claimant was first employed at an hourly wage of $1.65. He was injured on the second day of his employment. Claimant was 32 years of age, single, and had no one dependent upon him for support. Other employees, working in the same capacity as claimant, ordinarily work less than 200 days a year. Therefore, under Section 10 of the Workmen's Compensation Act, claimant is presumed to have earned $1,560.00 in the year preceding the accident.

Mr. Street was assigned on June 2, 1949, as one of a group to remove sections of damaged or deteriorated pavement from U. S. Route No. 66 in Montgomery County. A compressed air-operated jack hammer was used to outline the sections and break concrete. The pavement thus broken out was to be removed and replaced with freshly poured concrete.

At approximately 4:00 P.M., at a point about three miles south of the Village of Farmersville, Mr. Street was operating the jack hammer assigned to him, when his arm struck a fellow workman. This caused Mr. Street to lose control of the jack hammer, which bounced onto his right foot, lacerating the foot, and fracturing the second and third toes.

The group foreman knew of the accident immediately after the occurrence, and sent Mr. Street to the St. Francis Hospital, Litchfield, where Dr. Harry A. Yaeger was placed in charge of the case.

On July 9, 1949, Dr. Yaeger submitted the following report to the Division of Highways:

"Nature of Injury—Compound comminuted fracture of second and third right toes, crushing injury of soft tissues."

On July 22, 1949, the Division learned that gangrene had developed in the second toe, and that an amputation would be necessary. At that time the Division learned that Dr. Yaeger was on vacation, and that Dr. J. R. Rebillat of Litchfield was attending Mr. Street until Dr. Yaeger returned. Dr. Rebillat informed the Division that his services were given on an exchange basis, and that he would make no charge to the State for them.

On November 15, 1949, Dr. Yaeger prepared his final report, which is as follows:

"Nature of Injury—Compound comminuted fractures of second and third right toes, crushing injury of soft tissues. Secondary gangrene of second toe. Treatment—amputation of right second toe. X-Rays—show fracture and injuries as indicated above. Estimated date of discharge—September 7, 1949. Estimated date patient able to work—the above date. Permanent disability—amputation of right toe. Date of discharge—September 7, 1949."

No jurisdictional question is raised.

The record consists of the complaint, Departmental Report, stipulation waiving briefs of both parties, and transcript of evidence.

Claimant's weekly compensation rate would be the maximum of $15.00. Since the accident occurred subsequent to July 1, 1947, this must be increased 30%, making the compensation $19.50 per week.

Mr. Street was paid compensation at the rate of $18.00 a week from June 3 to August 31, 1949, a period of 12 6/7 weeks, in the amount of $231.42. Claimant was totally disabled from June 3, 1949 to September 7, 1949, for which loss he should receive from the respondent $19.50 per week for 13 6/7 weeks, or a total of $270.24, from which should be deducted the sum of $231.42, which has already been paid by the respondent, leaving a balance of $38.82 due to claimant.

The claimant is also entitled to an additional award for the complete loss of the second toe of his right foot, under Section 8, Paragraph (e) (9), Workmen's Compensation Act, of 12 weeks at the compensation rate of $19.50 per week, or the sum of $234.00.

An award is, therefore, made to claimant, Melvin Everett Street, in the sum of $272.82, all of which has accrued, and is payable forthwith.

Betty E. Green was employed to take and transscribe the evidence at the hearing before Commissioner Summers. Charges in the amount of $9.40 were incurred for the services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Betty E. Green, in the amount of $9.40, payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".